UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER G. BROOKS,

                    Petitioner,                 Case No. 2:09-cv-56

v.                                          Honorable R. Allan Edgar

GARY CAPELLO,

                    Respondent.

_____

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## **Factual Allegations**

Petitioner is currently incarcerated at Baraga Maximum Correctional Facility. In his *pro se* petition, he seeks habeas relief from a major misconduct conviction for fighting and assault and battery of staff. Petitioner raises two grounds for relief: (1) that the decision was not supported with sufficient evidence; and (2) that he was denied due process because not all prison staff and prisoners involved in the altercation were identified. (Pet. at 7-8, docket #1.) Petitioner received an initial administrative hearing on August 11, 2008 and was found guilty. Petitioner received sixty days of detention, sixty days loss of privileges, security reclassification, and he lost eighty-six days of good time credit for the fighting charge. (Pet. at 1-2.) He filed a timely request for rehearing, which was denied.

Petitioner then timely filed an application for direct review with the Monroe County Circuit Court raising the same grounds alleged in this petition. (Trial Ct. Op. at 4, Attach. to Pet., docket #1-2.) The trial court found that there was sufficient evidence and that Petitioner was not denied due process. (Trial Ct. Op. at 5-6.) Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was dismissed because Petitioner has outstanding fees. (Feb. 18, 2009 Mich. Ct. of Appeals Order, Case No. 290145.) Petitioner then sought leave to appeal to the Michigan Supreme Court, which was returned to prisoner because he has outstanding fees due. (Mar. 3, 2009 Letter, Attach. to Pet., docket #1-2.)

## **Standard of Review**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271

-2-

F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who

is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was

adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law as determined

by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an

unreasonable determination of the facts in light of the evidence presented in the state court

proceeding."  28 U.S.C. § 2254(d).  Applying the foregoing standards under the AEDPA, I find that

Petitioner is not entitled to relief.

### Discussion

      *A.    Insufficient Evidence*

      In his first ground for habeas corpus relief, Petitioner argues that the hearings officer

violated his due process rights when he found Petitioner guilty of fighting and assault and battery

for his major misconduct ticket based on insufficient evidence.  The Monroe County Circuit Court

addressed this argument as follows:

> The hearing record of August 11, 2008, is brief and indicates that the Petitioner was
> observed "exchanging punches to the head, chest and neck areas of three other
> prisoners".  The report is based upon the Major Misconduct Report" which indicates
> the following occurred on August 4, 2008:
>
> > "At the above time [14:27 & Commons Area] while walking back
> > from afternoon chowlines prisoner Brooks was walking in front of me
> > when I directly observed him exchanging punches to the head, chest
> > and neck areas with 3 other prisoners while yelling 'I'm gonna kill
> > you motherfucker'.
> > *********
> > Prisoner I'd [sic] by Prior [sic] contact and Unit 7 countboard."
>
> The hearing record also reflects that the Petitioner did not want to attend the hearing.
> The Petitioner claims that the "reporter" of the incident "mixed him up with another

-3-

person" (page 3 of the Petition for Judicial Review).  However, the hearing officer noted that the "[reporter] while restraining prisoner [sic]" noted that the Petitioner "looked at the reporter and yelled, 'Bitch, let go of my arm'."   Thereafter, the hearing officer notes:

> "Prisoner then pulled his arm free and punched the reporter in the right side of the head with a closed fist."

From the record this Court can find that there was sufficient evidence that two or more assaults took place between the Petitioner and other inmates, as well as prison staff arising out of a contemporaneous act.

(Trial Ct. Op. at 4-5.)

Petitioner argues that he was not fighting with anyone and that there is no evidence that a fight even occurred.  (Pet. at 6.)  "[N]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F.3d 483, 486 (6th Cir. 1995)   (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985)).  The Supreme Court in *Hill* held that the requirements of due process are satisfied if "some evidence" supports the prison disciplinary board's decision to revoke good-time credits.  *Hill*, 472 U.S. at 455.  In determining whether a decision of a prison disciplinary board is supported by "some evidence," a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F.3d at 486 (citing *Hill,* 472 U.S. at 455).  "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Williams,* 63 F.3d at 486 (citing *Hill,* 472 U.S. at 455-56) (emphasis added).  Moreover, the Constitution does not require that the evidence logically preclude any conclusion but the one reached by the hearings officer in the disciplinary proceeding.  *Hill,* 472 U.S. at 456; *see also Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003), *aff'd*, 110 F. App'x 491 (6th Cir. 2004).  A hearings officer in a prison disciplinary proceeding is not required

to find the prisoner guilty beyond a reasonable doubt or find that guilty was the only reasonable interpretation of the evidence. *Thomas v. Marberry,* No. 06-cv-13282, 2007 WL 1041250, at *2 (E.D. Mich. Apr. 4, 2007) (citing *Mullins v. Smith,* 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998)). Further, "this court will not interfere with the discretion of prison authorities to define offenses under their internal rules and to assign offenses in particular cases." *Falkiewicz,* 271 F. Supp. 2d at 948 (citing *Turney v. Scroggy,* 831 F.2d 135, 139-40 (6th Cir. 1987)).

The Monroe County Circuit Court's decision that there was sufficient evidence to find Petitioner guilty of fighting and assault did not run afoul of any United States Supreme Court precedent.  The trial court held that Petitioner was identified as exchanging punches to the head, chest and neck areas of three other prisoners as well as punching the prison staff, who reported the major misconduct, in the head with a closed fist.  (Trial Ct. Op. at 4-5.)  The facts provide sufficient evidence for a rational trier of fact to find that Petitioner was involved in a fight and committed at least one assault.  Accordingly, I conclude that Petitioner is not entitled to relief because the finding of the Monroe County Circuit Court was not an unreasonable application of established federal law in light of the evidence.

B.     *Right to Present Evidence*

Petitioner asserts that the hearing officer violated his due process rights to present evidence and to call witnesses for his defense.  Petitioner argues that the hearing officer's failure to interview Corrections Officer Kulie, who wrote the major misconduct in question, prevented Petitioner from identifying the other inmates and prison staff involved in the alleged fighting and calling those individuals as witnesses.  (Pet. at 8-9.)  Petitioner claims that if he had been allowed

to present those witnesses, they would have proven his defense that he had been misidentified by

Kulie. (*Id.*)

The Monroe County Circuit Court rejected Petitioner's arguments, providing,

The Petitioner fails to state any reason, or present any proof, as to why "Kulie" would have changed his mind [and testified that he was mistaken as to Petitioner's identity]. See MCL 791.255(3) and (4). Furthermore, the Petitioner's contentions completely ignore the fact that there was other evidence for the hearing officer to consider (see [previous discussion in Section A]) and to make the conclusions that she did.

Therefore, based upon a review of the record this Court cannot find that the hearing officer abused her discretion in reaching the conclusions as reflected in Appendix A. This Court cannot find that any hearing irregularities occurred that would have required a different outcome. See *Tooco [v. Marquette Prison Warden*, 123 Mich. App. 395 (1983)]. Therefore, this Court would find that the hearing officer's decision was based upon competent, material and substantial evidence. MCL 791.254(4).

(Trial Ct. Op. at 5-6.)

The starting point for any discussion of the procedural due process rights of a prisoner subject to a disciplinary proceeding is *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff,* the Supreme Court held that prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69. The right to call witnesses or present evidence, however, is not absolute. *Id.* at 566. The United States Supreme Court explained:

[W]e must balance the inmate's interest[s] against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call

witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases.

*Id.* Nevertheless, courts have restricted the use of confidential information in *Wolff*-type disciplinary hearings. *Falkiewicz,* 271 F.Supp.2d at 950 (citing *Ponte v. Real,* 471 U.S. 491, 499-500 (1985) and *Hensly v. Wilson*, 850 F.2d 269, 276-83 (6th Cir. 1988)).  Petitioner has not alleged that any confidential informants were improperly used against him in his misconduct hearing.  Nor has Petitioner made any allegations that the MDOC did not satisfy either the first and third due process requirements of *Wolff* in Petitioner's case.

Petitioner claims that the hearing officer violated his due process rights by failing to interview a certain witness. Petitioner makes the vague allegation that he "was prevented from being able to support his defense." (Pet. at 9.)  Petitioner asserts that Kulie's failure to identify the other prisoners and staff involved prevented Petitioner from calling those people as witnesses.  (Pet. at 8-9.)

First, there is no due process requirement that a hearing officer must conduct her investigation in a certain way.  *See Falkiewicz,* 271 F.Supp.2d at 948.  Second, Petitioner does not allege that he was not permitted to interview or submit questions to Kulie to obtain the names of potential witnesses.  Additionally, according to the Major Misconduct Hearing Report, Petitioner refused to even attend the hearing.  Petitioner "told Officers Hemmilla and Bebett that he did not want to come to his hearing." (Major Misconduct Hearing Report, Attach. to Pet. at 13.)  Petitioner makes no allegations that he was not allowed the opportunity to attend the hearing and present evidence.  Therefore, the Court finds that his due process rights were not violated and that the

Monroe County Circuit Court's decision did not result in an objectively unreasonable application of the standard established by Supreme Court law.

Once a court has decided that the procedural due process requirements of *Wolff* have been met, it must determine only whether there is "some evidence" which supports the decision of the prison disciplinary officer or board. *See Hill*, 472 U.S. at 455. As stated in Section A, this Court found sufficient evidence to support the hearing officer's finding of guilt on the fighting and assault and battery charges. Based upon the foregoing, I find that the prison disciplinary proceedings in Petitioner's case complied with the requirements of *Wolff*.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:          4/14/09                         */s/ R. Allan Edgar*          
                                          R. Allan Edgar
                                          United States District Judge